# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00035-CR

**Christopher Daniel Burke, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 61695, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### O P I N I O N

Christopher Daniel Burke was convicted of evading arrest with a motor vehicle based on his guilty plea and was sentenced to fifteen months in state jail. On appeal, he challenges the trial court's assessment of attorneys' fees. He complains that the evidence was factually insufficient to support the assessment and that the trial court erred by failing to announce in his presence the precise amount of attorneys' fees assessed. We modify the judgment and affirm.

The trial court appointed an attorney for Burke under a statute relating to representation of indigent defendants. Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2008). When sentencing Burke on November 30, 2007, the court stated, "I order that you pay any and all court costs and any attorney's fees upon your release." In its written judgment, dated December 7, 2007, the court filled in the "court costs" blank with "$238.00/ATTORNEY FEES TO BE DETERMINED."

Burke complains that the trial court erred by failing to state the amount of attorneys' fees he owes in both the oral pronouncement of sentence and the written judgment. We conclude that the court erred by failing to set an amount. Unlike the case in which we held that a trial court can defer determination of an amount recommended to be paid as a condition of parole until the time parole is being considered, *see Figueroa v. State*, 250 S.W.3d 490, 517-18 (Tex. App.—Austin 2008, pet. filed), the attorneys' fees award in this case is part of the judgment and enforceable as such. Although attorneys' fees are not punishment and need not be pronounced orally at sentencing in order to be part of the written judgment, *see Weir v. State,* 252 S.W.3d 85, 88 (Tex. App.—Austin 2008, pet. filed), we find no authority for the proposition that the trial court can postpone the determination of the fees owed indefinitely to some time well after the judgment becomes final. The statute provides that trial courts may "order the defendant to pay . . . *the amount* that it finds the defendant is able to pay." Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2008). While finding attorneys' fees were owed, the trial court did not order Burke to pay an amount either in its oral pronouncement or its written judgment. That was error.

We modify the sentence and judgment by striking the indefinitely undefined assessment of attorneys' fees. We affirm the judgment as modified.

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed: August 14, 2008

Publish