NO. 07-09-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 29, 2010

_____

ALTON ARMSTRONG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

The majority concludes, and I agree, that a bill of costs imposes an obligation upon a criminal defendant to pay legislatively mandated "court costs," irrespective of whether or not that bill of costs is incorporated by reference into the judgment. The majority then proceeds to pretermit Appellant's remaining issues by concluding that "to the extent that appellant's issues raise matters relating to the ability to collect costs," any analysis of the correctness of that bill of costs would improperly invade the

distinction drawn by our high courts as it pertains to the collection of court costs. *See Harrell v. State,* 286 S.W.3d 315, 318 (Tex. 2009); *Johnson v. The Tenth Judicial District Court of Appeals,* 280 S.W.3d 866, 869 (Tex.Crim.App. 2008). While I do not disagree with this position, I write separately to address Appellant's issues to the extent that they may be construed as raising issues unrelated to the collection of costs.

## Assessment of Court Costs

Unfortunately, the term "assessment of costs" has been loosely used by both courts and lawyers to refer to both the judicial pronouncement of an obligation to pay court costs, as well as the administrative process of preparing a "bill of costs" by a county or district clerk. Further complicating the discussion of the assessment of costs of court is the fact that there are at least two distinctive types of costs: (1) judicially determined costs, such as the reimbursement of court-appointed attorney's fees, which are collectable only if judicially pronounced and contained within a written judgment; and (2) legislatively mandated costs,[1] such as filing fees, witness fees, and library fees, which are collectable irrespective of whether or not they are judicially pronounced. *Weir v. State,* 278 S.W.3d 364, 366 (Tex.Crim.App. 2009).

## Legislatively Mandated Costs of Court

As stated by the Texas Court of Criminal Appeals in *Weir*, legislatively mandated court costs are an assessment against a convicted defendant, not as an additional penalty for the crime committed, but as a nonpunitive "recoupment of the costs of judicial resources expended in connection with the trial of a case." *Id.* at 366. Because

---

[1]*See generally* Tex. Gov't Code Ann. §§ 101.021, 102.041 (Vernon 2005 and Supp. 2009).

those costs are nonpunitive, the court held they did not have to be included in the trial court's oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment. *Id.* at 367. As predetermined, legislatively mandated obligations, the entry of a judgment ordering the payment of those sums is nothing more than a ministerial duty, imposed by law. In *Weir,* the Court left open the question of whether or not such costs needed to be included in the trial court's written judgment in order to be collectable. As the majority correctly concludes, the issue of collectability is an issue which we too need not reach.

## Judicially Determined Court Costs

The reimbursement of court-appointed attorneys' fees is a judicially determined cost of court that depends not only upon a judicial determination of its amount, but also upon a judicial determination of the defendant's ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009); *Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010). As is often the case, once a trial court enters an order to the county treasurer to pay the defendant's court-appointed attorneys' fees, the district or county clerk includes those sums in a bill of costs pursuant to article 26.05(f) of the Texas Code of Criminal Procedure, without the trial court ever having been asked to consider, much less having actually decided, the defendant's ability to pay. What then is a defendant to do if the bill of costs appears to impose a discretionary judicially determined obligation which the trial court has not ordered the defendant to repay by oral pronouncement or written judgment?

With increasing frequency, this Court is being asked to review, in one context or another, that very question. *See Mayer v. State,* 274 S.W.3d 898 (Tex.App.--Amarillo 2008), *aff'd, Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010) (direct appeal of judgment ordering defendant to reimburse the county for a specified amount of court-appointed attorneys' fees); *Harrell v. State,* Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.App. LEXIS 6416 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd, Harrell v. State,* 286 S.W.3d 315 (Tex. 2009) (direct appeal of order denying indigent defendant's motion to rescind a trial court notification to withdraw sums from the inmate's trust account maintained by the Texas Department of Criminal Justice pursuant to § 501.014(e) of the Texas Government Code); *Palomo v. State,* Nos 07-10-0181-CV, 07-10-0182-CV, 07-10-0183-CV, 2010 Tex.App. LEXIS 3768 (Tex.App.--Amarillo May 19, 2010, no pet. h.) (direct appeal of withdrawal notification pursuant to § 501.014(e) of the Texas Government Code, where attorneys' fees were contained in a bill of costs but not included in a judgment which contained a blank for court costs and then ordered that the State recover "all court costs in this prosecution expended"); *Smith v. State,* Nos. 07-09-0009-CR, 07-09-0010-CR, 2010 Tex.App. LEXIS 3846 (Tex.App.--Amarillo May 20, 2010, no pet. h.) (direct appeal of judgment, where attorneys' fees were contained in a bill of costs but not included in a judgment containing a blank for court costs and then ordering the appellant to pay court costs "as indicated above."). Until trial courts, court clerks, and prosecuting attorneys (the party most often responsible for the drafting of the judgment in a criminal proceeding) begin paying attention to the details of the assessment of court-appointed attorneys' fees as costs of court, these problems will continue to arise.

4

**The Judgment**

Stating it kindly, the judgment in this case was poorly drafted. As to the issue of "court costs," the judgment contains a summary provision which leaves blank the amount of court costs and then "[o]rders Defendant to pay all fines, *court costs*, and restitution as *indicated above."* (Emphasis added). Unfortunately, the judgment entered in this case is not atypical. Like many of the judgments reviewed by this Court, this document shows little or no concern for detail when it comes to the assessment of court costs. According to the certified bill of costs[2] contained in the record in this case, this judgment neither correctly states the amount of predetermined legislatively mandated costs; nor does it correctly assess any discretionary, judicially determined costs of court such as the reimbursement of court-appointed attorneys' fees.

**The Issues**

It is in the context of this debate that Appellant raises three issues: (1) absent incorporation by reference in the judgment, is a certified bill of costs part of the judgment or otherwise effective, (2) was the evidence presented in this case sufficient to impose on Appellant an obligation to repay court-appointed attorneys' fees, and (3) is a certified bill of costs a judicial determination of a specific sum payable? As the majority notes, the essence of these issues is "the relationship between the written judgment and the bill of costs submitted by the district clerk."

---

[2]The bill of costs contained in the Clerk's Record indicates that Appellant was required to pay total costs of $2,258.00, including legislatively mandated fees of $358.00 and court-appointed attorneys' fees of $1,900.00. Although the bill of costs also reflects prior payments of $80.00, that figure affects only the amount due and not the amount properly subject to assessment.

5

**Issue One - Incorporation of Bill of Costs Into the Judgment**

By his first issue, Appellant contends that, absent incorporation by reference in the judgment, the clerk's bill of costs is of no force or effect. As stated by the majority, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the judgment. *Smith,* 2010 Tex.App. LEXIS 3846, at \*21. *See generally* Tex. Code Crim. Proc. Ann., arts. 103.001 and 103.003 (Vernon 2006); *See also* Tex. Gov't Code Ann., §§ 102.001 - 103.033. (Vernon 2005 and Supp. 2009). Because court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or the written judgment in order to be imposed upon a convicted defendant. *See Weir,* 278 S.W.3d at 367. Therefore, like the majority, I would find that a certified bill of costs need not be incorporated into the judgment in order to be *effective.* It should be noted, however, that an *effective* bill of costs is not the functional equivalent of a *correct* bill of costs and nothing in this opinion should be construed as reviewing, approving, or adopting the clerk's bill of costs in this case. As the majority notes, that issue is more correctly reserved for a collection dispute. Appellant's first issue should be overruled.

**Issue Two - Reimbursement of Court-Appointed Attorneys' Fees**

By his second issue, Appellant contends he cannot be obligated to repay the State for the costs of his court-appointed attorney without a judicial determination, based upon competent evidence, that he has financial resources that enable him to offset, in whole or in part, the costs of legal services provided. Pursuant to article

6

26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp 2009).

The record before us does not contain a determination or finding that Appellant had any financial resources or was "able to pay" any amount of attorneys' fees. What the record does reflect is that on four separate occasions, February 23, 2005, May 28, 2008, January 30, 2009, and April 6, 2009, the trial court was sufficiently convinced of Appellant's indigence to appoint an attorney to represent him during the various proceedings in this cause. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009). Therefore, because there is evidence of record demonstrating that, before the final revocation of community supervision and immediately following rendition of judgment, Appellant was indigent and qualified for court-appointed counsel, we must presume that his financial status has not changed.

Without evidence demonstrating Appellant's financial ability to offset the costs of legal services provided, obligating him to reimburse the State for the costs of his court-appointed attorney would be error. *See Mayer,* 309 S.W.3d at 557. But, as stated above, the *judgment* itself does not pronounce nor order the payment of any attorney's fees. Therefore, the judgment does not contain a misstatement of discretionary court costs. Accordingly, Appellant's second issue should be overruled.

7

**Issue Three - Assessment of a Specific Identifiable Amount of Attorney's Fees**

Appellant's third and final issue contends the trial court erred by failing to pronounce a specific and precise amount of attorneys' fees it its written judgment.  In support of this contention, Appellant relies upon the decision in *Burke v. State,* 261 S.W.3d 438, 439 (Tex.App.--Austin 2008, no pet.) (holding that a judgment assessing an *undetermined* amount of attorneys' fees was error where the trial court did not order the defendant to pay a specific amount of attorneys' fees in either its oral pronouncement or written judgment).  *Burke* is clearly distinguishable from the facts of this case because *Burke* involved a written judgment that stated attorneys' fees were "to be determined."  Here, even though the judgment in question contains a blank for court costs and does not specifically mention attorneys' fees, the certified *Bill of Costs* contained in the Clerk's Record indicates that Appellant was required to pay court-appointed attorneys' fees of $1,900.00.  Because the bill of costs does specify a definite and specific amount of attorneys' fees, we are not faced with the lack of specificity issue addressed in *Burke.*  Accordingly, Appellant's third issue should be overruled.

**Conclusion**

I concur with the majority that the judgment of the trial court be affirmed.

Patrick A. Pirtle
Justice

Publish.

8