NO. 07-11-0052-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 25, 2011

_____

IN RE CHARLES BRYANT, RELATOR

_____

ORIGINAL PROCEEDING

ARISING OUT OF PROCEEDINGS BEFORE THE 47TH DISTRICT COURT OF

RANDALL COUNTY;  NO. 14,621-A, HONORABLE ABE LOPEZ, JUDGE PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Charles Bryant, an inmate proceeding pro se

and in forma pauperis, requests that we direct the Honorable Abe Lopez[1] to rescind or

dismiss an *Order to Withdraw Inmate Funds* signed on April 26, 2010.  For reasons

expressed herein, we deny Relator's request for mandamus relief.

---

[1]Retired Judge, sitting by assignment.  *See* Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).  Because Judge Lopez was sitting by assignment when the questioned withdrawal notification was signed, and because Relator complains about the trial court's failure to rule upon his pending *Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines*, his *Petition for Mandamus* should have been directed to the Honorable Dan Schaap, the presiding judge of the 47th District Court, Randall County, Texas.

**Background**

In 2003, in cause number 14,621-A, Relator was convicted of one count of indecency with a child by exposure and sentenced to ten years confinement and one count of indecency with a child by contact and sentenced to twenty years confinement.[2] Relator was also assessed a fine of $2,000. More than six years later, on April 26, 2010, a document entitled *Order to Withdraw Inmate Funds (Pursuant to TEX. GOV'T. CODE, Sec. 501.014(e))*[3] was signed and entered in the original criminal cause number. By that withdrawal notification, the trial court directed the Institutional Division of the Texas Department of Criminal Justice to withhold the amount of $2,533 from Relator's inmate account. On July 6, 2010, Relator filed his *Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines* in the trial court challenging the withdrawal notification. When Relator did not receive a response to his July 6 motion,

---

[2]Tex. Penal Code Ann. § 21.11(a) (West Supp. 2010).

[3]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's trust account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See id.* at § 501.014(e)(1)-(6). *See also Harrell v. State,* 286 S.W.3d 315, 316 n.1 (Tex. 2009). This document is more akin to a judgment nisi. A judgment nisi, commonly used in bond forfeiture proceedings, is a provisional judgment entered when an accused fails to appear for trial. A judgment nisi triggers the issuance of a *capias* and it serves as notice of the institution of a bond forfeiture proceeding. It is not final or absolute, but may become final. *See Safety Nat'l Cas. Corp. v. State,* 273 S.W.3d 157, 163 (Tex.Crim.App. 2008). Nisi means "unless," so a judgment nisi is valid unless a party takes action causing it to be withdrawn. *Id.* Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers a trust fund withdrawal, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn. Therefore, rather than refer to that document as an order, we prefer to use the term "withdrawal notification" to avoid confusion with the underlying court order or judgment ordering the payment of a sum falling within at least one of the six priority categories listed in the statute.

he filed a notice of appeal on September 10, 2010. The appeal was assigned cause number 07-10-00358-CV.

By order dated October 5, 2010, this Court concluded that no appealable order had been entered on Relator's pending motion sufficient to invoke this Court's jurisdiction and found the notice of appeal to be premature. *See Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App.  LEXIS (Tex.App.--Amarillo Oct. 5, 2010, no pet.). Relying on *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the appeal was abated for ninety days to allow Relator time to (1) present his motion to the trial court; (2) schedule any necessary hearing; and (3) obtain from the trial court an appealable order addressing that motion. *See* Tex. R. App. P. 27.2. *See also Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).

The deadline set by this Court's order of October 5, 2010 lapsed on January 3, 2011. On January 18, 2011, Relator requested information pertaining to the status of his appeal. That request prompted the Clerk of this Court to make an inquiry to the Randall County District Clerk, as to the developments in trial court cause number 14,621-A since October 5, 2010. The inquiry revealed that no action had been taken by Appellant, nor had any new orders been entered by the trial court.

This Court then notified Relator by letter dated January 20, 2011, that no appealable order had been entered and directed him to show cause on or before February 4, 2011, why that appeal should not be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a) and (b). In response, Relator filed his *Motion for Leave to File a*

*Petition for Writ of Mandamus*[4] together with a *Petition for Writ of Mandamus* seeking to compel this Court to direct the Honorable Abe Lopez to rescind the withdrawal notification authorizing funds to be drawn from his inmate account.

## Mandamus Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). In order to be entitled to relief by mandamus, the relator must meet two basic requirements: (1) he must show that the trial court clearly abused its discretion, and (2) he must show that he has no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). As it pertains to the failure or refusal of a trial court to hear and rule upon a pending motion, in order to establish an abuse of discretion, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

---

[4] A motion for leave is not required to file a Petition for Writ of Mandamus. That motion is, however, rendered moot by this opinion.

4

**Analysis**

Relator argues due process violations in this mandamus proceeding. By our order of October 5, 2010, this Court gave Relator the opportunity to address his due process concerns to the trial court as outlined in *Harrell*. *See Bryant*, 2010 Tex. App. LEXIS 8059, at *5. Because Relator has not requested a hearing on his motion to rescind or review the withdrawal notification (a demand for performance), and because there is no evidence that the trial court has refused to act, he has failed to show that the trial court abused its discretion. Furthermore, if and when the trial court does rule on his pending motion, Relator still has an adequate remedy by appeal. Because mandamus will not lie when the trial court has not abused its discretion or when an adequate remedy by appeal exists, Relator has failed to demonstrate entitlement to mandamus relief.

Moreover, of the $2,533 authorized by the contested withdrawal notification, $2,000 is for the fine imposed by the Court and the remaining $533 is for costs and fees.[5] Although an appellant may not be ordered to reimburse court-appointed attorney's fees without evidence of an ability to pay, *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010), fines and legislatively mandated fees and costs[6] may be

---

[5]Relator was not ordered to reimburse any fees for court-appointed counsel.

[6]*See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010); Tex. Bus. Org. Code Ann. § 10.365 (West Supp. 2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp. 2010); Tex. Edu. Code Ann. §37.011 (West Supp. 2010); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702 - 51,703, 54.313,

withdrawn from an inmate's account without regard to his ability to pay. *Armstrong v. State,* 320 S.W.3d 479, 482-83 (Tex.App.--Amarillo 2010, pet. granted) (Pirtle, J., concurring). Here, Relator has not attacked the statutory basis of any cost or fee assessed.

Consequently, Relator's *Petition for Writ of Mandamus* is denied.

Per Curiam

---

54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (West 2010); Tex. Hum. Res. Code Ann. § 152.0522 (West 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp. 2010); Tex. Parks and Wildlife Code Ann. §§ 12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2010) (not intended as an exhaustive list).