NO. 07-11-0052-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 25, 2011

 ______________________________

 
 IN RE CHARLES BRYANT, RELATOR
 
 _______________________________
 
 ORIGINAL PROCEEDING
ARISING OUT OF PROCEEDINGS BEFORE THE 47[TH] [th]DISTRICT COURT [64][664]6464DISTRICT COURT OF RANDALL COUNTY; NO. 14,621-A, HONORABLE ABE LOPEZ, JUDGE PRESIDING
 ______________________________
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 By this original proceeding, Relator, Charles Bryant, an inmate proceeding pro se and in forma pauperis, requests that we direct the Honorable Abe Lopez to rescind or dismiss an Order to Withdraw Inmate Funds signed on April 26, 2010. For reasons expressed herein, we deny Relator's request for mandamus relief.
 Background
 In 2003, in cause number 14,621-A, Relator was convicted of one count of indecency with a child by exposure and sentenced to ten years confinement and one count of indecency with a child by contact and sentenced to twenty years confinement. Relator was also assessed a fine of $2,000. More than six years later, on April 26, 2010, a document entitled Order to Withdraw Inmate Funds (Pursuant to TEX. GOV'T. CODE, Sec. 501.014(e)) was signed and entered in the original criminal cause number. By that withdrawal notification, the trial court directed the Institutional Division of the Texas Department of Criminal Justice to withhold the amount of $2,533 from Relator's inmate account. On July 6, 2010, Relator filed his Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines in the trial court challenging the withdrawal notification. When Relator did not receive a response to his July 6 motion, he filed a notice of appeal on September 10, 2010. The appeal was assigned cause number 07-10-00358-CV.
By order dated October 5, 2010, this Court concluded that no appealable order had been entered on Relator's pending motion sufficient to invoke this Court's jurisdiction and found the notice of appeal to be premature. See Bryant v. State, No. 07-10-00358-CV, 2010 Tex. App. LEXIS (Tex.App.--Amarillo Oct. 5, 2010, no pet.). Relying on Harrell v. State, 286 S.W.3d 315 (Tex. 2009), the appeal was abated for ninety days to allow Relator time to (1) present his motion to the trial court; (2) schedule any necessary hearing; and (3) obtain from the trial court an appealable order addressing that motion. See Tex. R. App. P. 27.2. See also Iacono v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).
 The deadline set by this Court's order of October 5, 2010 lapsed on January 3, 2011. On January 18, 2011, Relator requested information pertaining to the status of his appeal. That request prompted the Clerk of this Court to make an inquiry to the Randall County District Clerk, as to the developments in trial court cause number 14,621-A since October 5, 2010. The inquiry revealed that no action had been taken by Appellant, nor had any new orders been entered by the trial court.
 This Court then notified Relator by letter dated January 20, 2011, that no appealable order had been entered and directed him to show cause on or before February 4, 2011, why that appeal should not be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a) and (b). In response, Relator filed his Motion for Leave to File a Petition for Writ of Mandamus together with a Petition for Writ of Mandamus seeking to compel this Court to direct the Honorable Abe Lopez to rescind the withdrawal notification authorizing funds to be drawn from his inmate account. 
 Mandamus Standard of Review
Mandamus relief is an extraordinary remedy. In re Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). In order to be entitled to relief by mandamus, the relator must meet two basic requirements: (1) he must show that the trial court clearly abused its discretion, and (2) he must show that he has no adequate remedy by appeal. In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Walker, 827 S.W.2d at 839 (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). As it pertains to the failure or refusal of a trial court to hear and rule upon a pending motion, in order to establish an abuse of discretion, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). 

 Analysis
 Relator argues due process violations in this mandamus proceeding. By our order of October 5, 2010, this Court gave Relator the opportunity to address his due process concerns to the trial court as outlined in Harrell. See Bryant, 2010 Tex. App. LEXIS 8059, at *5. Because Relator has not requested a hearing on his motion to rescind or review the withdrawal notification (a demand for performance), and because there is no evidence that the trial court has refused to act, he has failed to show that the trial court abused its discretion. Furthermore, if and when the trial court does rule on his pending motion, Relator still has an adequate remedy by appeal. Because mandamus will not lie when the trial court has not abused its discretion or when an adequate remedy by appeal exists, Relator has failed to demonstrate entitlement to mandamus relief. 
Moreover, of the $2,533 authorized by the contested withdrawal notification, $2,000 is for the fine imposed by the Court and the remaining $533 is for costs and fees. Although an appellant may not be ordered to reimburse court-appointed attorney's fees without evidence of an ability to pay, Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010), fines and legislatively mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay. Armstrong v. State, 320 S.W.3d 479, 482-83 (Tex.App.--Amarillo 2010, pet. granted) (Pirtle, J., concurring). Here, Relator has not attacked the statutory basis of any cost or fee assessed. 
Consequently, Relator's Petition for Writ of Mandamus is denied. 

 Per Curiam