IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1479-10






ALTON ARMSTRONG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY







 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellant was charged with aggravated assault with a deadly weapon. He entered
a negotiated plea agreement that placed him on deferred-adjudication community
supervision for two years, which was later extended for an additional two years. 
Subsequently, the trial court adjudicated guilt and assessed a sentence of six years'
imprisonment. On appeal, Appellant challenged the clerk's bill of costs. The Amarillo
Court of Appeals affirmed the trial court's judgment, declining to address Appellant's
insufficient evidence argument because it involved a civil law matter. Armstrong v. State,
320 S.W.3d 479 (Tex. App.--Amarillo 2010) (memo. op.). We granted Appellant's
petition for discretionary review, and we will reverse the judgment of the court of
appeals.

I. FACTS

 On February 22, 2005, the day after Appellant committed aggravated assault with a
knife, Appellant executed a financial request for a court-appointed attorney. The trial
court found that Appellant was indigent (1) and appointed representation. 

 After indictment, (2) Appellant entered a negotiated, written plea agreement. The
trial court imposed deferred adjudication community supervision for two years. The court
ordered Appellant to pay assorted fees as conditions of probation, but it did not
incorporate by reference any fees that the district clerk might assess. On the day of the
plea agreement, Appellant's counsel filed an attorney fee expense claim for $900, which
was ordered paid, (3) and two days later, the clerk placed in the record a bill of costs, stating
that Appellant owed a total of $1,123, including $900 for attorney fees. Appellant did not
contest any of the fees.

 Over the next two years, the trial court signed two supplemental orders, each
amending the conditions of probation and extending Appellant's probation. And, in both
orders, Appellant reaffirmed that he would pay "all court costs including the court
appointed attorney fee." Then, in April 2008, the State filed a motion to proceed to
adjudication, alleging that Appellant violated a condition of his community supervision. (4) 
Appellant completed a second financial request for a court-appointed attorney, and the
trial judge again appointed representation. Subsequently, Appellant signed another
agreement for continuation and modification, and a court order extended his community
supervision for one more year. A second fee-expense claim for $500 in attorney fees was
submitted and ordered paid as a condition of Appellant's community supervision. The
trial judge waived Appellant's probation fee and entered a supplemental order amending
the conditions, which included an agreement to pay all court costs and court-appointed
attorney fees. Appellant did not challenge the factual basis of any fees to which he
agreed and was ordered to pay.

 Seven months after its original motion, the State filed a second motion to
adjudicate, alleging that Appellant again violated a condition of his community
supervision. Appellant executed a third request for court-appointed counsel, and the trial
court appointed representation. At the hearing on the motion to proceed, Appellant pled
"true" to all allegations specifying violations of his community supervision as alleged by
the State. The trial judge found Appellant guilty and sentenced him to six years'
incarceration in the Department of Criminal Justice-Institutional Division. (5) No mention
was made of attorney fees at the hearing, but on the same day, the trial judge approved an
additional payment of $500 for attorney's fees.

 Shortly thereafter, the Judgment Adjudicating Guilt was signed. Although the
judgment ordered Appellant to pay "any remaining unpaid fines, court costs, and
restitution as ordered by the Court above," the space for court costs was left blank with no
amount specified. And, on the following day, the Potter County District Clerk prepared a
second bill of costs, which totaled $2,258 and included $1,900 in attorney fees. The
district court appointed counsel for appeal.

II. AMARILLO COURT OF APPEALS

 On appeal, Appellant contested the costs assessed against him. The Amarillo
Court of Appeals affirmed the judgment of the trial court. Armstrong, 320 S.W.3d 479.

 First, the court of appeals rejected Appellant's claim that, "absent incorporation by
reference in the judgment, the clerk's bill of costs is of no force or effect." Id. at 480. It
noted that the obligation to pay court costs is mandated by statute, and those fees are non-punitive in nature. See Tex. Gov't Code §§ 102.021, 102.041. Thus, "the clerk's
certified bill of costs imposes an obligation upon him to pay the costs, again other than
attorney's fees, whether or not the bill is incorporated by reference into the judgment." 
Armstrong, 320 S.W.3d at 481.

 Regarding the remaining issues concerning attorney fees, (6) the court of appeals
declined to address those matters because Appellant's contentions concerned the
collection, rather than the assessment, of costs. Id. at 481-82. The court of appeals said
that they are civil matters, which are properly the subject of a lawsuit regarding collection
of costs, so the matters would be outside the purview of a direct appeal from a criminal
conviction. And since no effort had yet been made to collect the costs, any analysis by
the court of appeals would be advisory.

 Justice Pirtle concurred, writing to address Appellant's issues to the extent that
they may be construed as raising issues unrelated to the collection of costs. Id. at 482
(Pirtle, J., concurring). He began by noting that the phrase "assessment of costs" can
mean the judicial pronouncement of an obligation to pay costs as well as the
administrative process of collecting costs. Id. Justice Pirtle agreed that a certified bill of
costs need not be incorporated into the judgment to be effective because "court costs are
imposed as a matter of legislative directive." Id. at 484. Additionally, Justice Pirtle
contended that attorneys fees are reimbursable only if there is a judicial determination of
the amount and the defendant's ability to pay. Here, since the judgment did not
pronounce that Appellant was required to pay attorneys fees, there was no error in the
judgment. Justice Pirtle highlighted that the Amarillo Court of Appeals is being asked to
review bills of costs "[w]ith increasing frequency." Id. at 483.

 We granted Appellant's petition for discretionary review challenging the court of
appeals's characterization of his attorney fees issues as civil law matters. Specifically,
Appellant's ground for review stated the following: Under the Code of Criminal
Procedure a clerk's bill of costs authorizes law enforcement officials to collect its
demands. Does a claim of insufficient evidence to support a requirement that the
defendant reimburse the county for attorney fees, even if mandated only by such a bill of
costs, present a criminal law matter?

III. ARGUMENTS OF THE PARTIES

A. Appellant's Argument

 Appellant argues that the question raised, whether there is sufficient evidence to
support an order to pay attorney fees in a criminal prosecution, is a criminal law matter.

 Appellant emphasizes that he challenges only the lack of evidence to support the
fees, (7) and he claims that the court of appeals confused the legitimacy and enforcement of
attorney fees with the means of their collection. Citing Mayer v. State, 309 S.W.3d 552
(Tex. Crim App. 2010), Appellant argues that the fees' legitimacy and their enforcement
are both criminal law matters. He points out that, per the Texas Code of Criminal
Procedure, a bill of costs' existence makes it "payable" and proper to be collected. (8) 
Accordingly, because relief is sought pursuant to several criminal statutes, the legitimacy
of fees charged by a district clerk is a criminal law matter. (9)

 Further, Appellant contends that insufficient evidence in a criminal case must be
raised, if at all, in a direct appeal. He also notes that the court of appeals should be able
to consider the issue presented because its jurisdiction is not restricted, except for in
mandamus actions; the court of appeals has jurisdiction to decide "all of the issues which
arise as a result of the initial action." See Curry v. Wilson, 853 S.W.2d 40, 44 (Tex. Crim.
App. 1993).

 Finally, Appellant maintains that the question raised should be addressed as a
matter of criminal appeal for policy reasons. Doing so would preserve judicial resources
by keeping the lines of direct appeal open, instead of creating a second (civil) appeal. It
would also assure Appellant of the proper remedy because, according to Appellant, there
is no guarantee that the Texas Supreme Court would take jurisdiction of this case, and the
court of appeals will not decide the case if the amount in controversy is less than $250.

B. State's Argument

 The State responds that the Amarillo Court of Appeals correctly upheld the
criminal judgment on direct appeal, and because the substance of Appellant's issues
concerns the collection of costs, addressing it would result in an advisory opinion.

 The State begins by distinguishing Mayer and noting that, unlike that case which
involved a direct appeal from a jury trial, this case involves the revocation of deferred-
adjudication community supervision. The State contends that the negotiated plea was a
contractual agreement from which Appellant benefitted; the payment of attorney fees was
a condition of his probation and, thus, a contractual obligation by which he was bound. 
Therefore, because Appellant affirmatively accepted and waived any objections to the
conditions, he cannot complain about them for the first time on appeal. See Speth v.
State, 6 S.W.3d 530 (Tex. Crim. App. 1999); Reyes v. State, 324 S.W.3d 865 (Tex.
App.--Amarillo 2010, no pet.). In addition, according to the State, Appellant should not
be pursuing a direct appeal because other remedies are available to address any question
about the correctness of the district clerk's bill of costs. For example, Appellant may
correct costs by filing a motion in the trial court and may address any collection dispute in
a civil proceeding.

 Finally, the State argues that a contest to the district clerk's bill of costs is a matter
that should be reserved for a collection dispute in a civil proceeding. It notes that the
final written criminal judgment reflects no additional order for any reimbursement of
court appointed attorney's fees. Thus, the State contends that there is no mandate for
Appellant to pay the attorney fees from the adjudication--a clerk's bill of costs, without
more, does not constitute the necessary judicial determination regarding court appointed
attorney's fees. Consequently, the State concludes that, apart from Appellant's
contractual agreement, there is no court order for him to pay appointed attorney fees from
the adjudication forward under criminal or civil law.

IV. CASELAW

 We "necessarily have the power to decide what constitutes a criminal law matter." 
Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 585 n.3 (Tex. Crim. App.
1993). Although we have not issued a definitive statement of what constitutes a "criminal
law matter," the term "encompass[es], at a minimum, all legal issues arising directly out
of a criminal prosecution." (10) Id. at 585. Importantly, we have held that "[d]isputes which
arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure,
and which arise as a result of or incident to a criminal prosecution, are criminal law
matters." Curry v. Wilson, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993). (11)

 An issue does not cease to be a criminal law matter merely because elements of
civil law must be addressed to resolve the issue. That is, "[a]lthough civil and criminal
law matters may occasionally overlap, when a matter is essentially criminal, the presence
of civil law issues will not remove the matter from our jurisdiction." Holmes, 885
S.W.2d 389 (Tex. Crim. App. 1994). The nature of the originally issued order determines
whether a subsequent enforcement proceeding involves a criminal law matter, so
"enforcement of an order issued pursuant to a criminal statute is a criminal law matter as
much as the issuance of the order itself, even if it requires this Court to examine civil
laws in the process." Smith v. Flack, 728 S.W.2d 784, 788-80 (Tex. Crim. App. 1987).

V. DISCUSSION

 A clerk's bill of costs of the criminal conviction is permitted pursuant to Article
103.001 of the Texas Code of Criminal Procedure, and its issuance makes the included
costs payable under the same statute. (12) Enforcement of a bill of costs is allowed under
Texas Code of Criminal Procedure Article 103.003, et seq. Fees for court-appointed
representation are often included in a bill of costs. Under Article 26.05(g) of the Texas
Code of Criminal Procedure, a trial court has the authority to order the reimbursement of
court-appointed attorney fees: 

 If the court determines that a defendant has financial resources that enable him to
offset in part or in whole the costs of the legal services provided, including any
expenses and costs, the court shall order the defendant to pay during the pendency
of the charges or, if convicted, as court costs the amount that it finds the defendant
is able to pay.


"[T]he defendant's financial resources and ability to pay are explicit critical elements in
the trial court's determination of the propriety of ordering reimbursement of costs and
fees." Mayer, 309 S.W.3d 552, 556.

 Here, the judgment adjudicating Appellant guilty left blank the spaces for court
costs and restitution, but it stated that Appellant should pay any court costs "as ordered by
the Court above." Subsequently, the clerk's office issued a bill of costs, in which it stated
that Appellant owed $1900 in attorney fees and $358 in miscellaneous court costs. It is
that bill of costs which Appellant contests.

 Appellant contends that there is insufficient evidence to support the attorney fees
as set forth in the clerk's bill of costs. Thus, Appellant challenges the assessment of costs
mandated by the clerk's bill of costs, which is issued pursuant to Texas Code of Criminal
Procedure Article 103.001. And in arguing insufficient evidence, he relies on the critical
requirements set forth in Texas Code of Criminal Procedure Article 26.05(g) (i.e., that he
does not have the financial resources to offset, in whole or part, the costs of the legal
services provided). Because Appellant's claim arises over the enforcement of statutes
governed by the Texas Code of Criminal Procedure, the pertinent litigation is a criminal
law matter. (13)

 The Amarillo Court of Appeal failed to consider the merits of Appellant's claims
because it believed that Appellant was challenging the collection of costs, a civil law
matter. But the court misconstrued Appellant's claim. We do not debate that the means
of collection of attorney fees--such as a withdrawal order entered into pursuant to
Section 501.014(e) of the Texas Government Code--is a civil law matter. See Harrell v.
State, 286 S.W.3d 315 (Tex. 2009); Johnson v. Tenth Judicial District Court of Appeals
at Waco, 280 S.W.3d 866 (Tex. Crim. App. 2008). As the Texas Supreme Court
explained in Harrell, withdrawal orders 

 may be incidental to criminal prosecutions and a mechanism to enforce criminal
judgments, but they do not arise over enforcement of a statute governed by the
Code of Criminal Procedure. Nor is criminal law the focus of this action. True, a
withdrawal order does seize payment for costs previously taxed in a criminal case,
but the criminal case is over.


Harrell, 286 S.W.3d at 318. However, in contrast to that scenario, Appellant does not
contest any withdrawal order issued by the trial court pursuant to the Texas Government
Code or any other collection effort. Instead, Appellant contests the assessment of the
costs and the sufficiency of the evidence to support the attorney fees mandated by the bill
of costs. As discussed previously, his claim arises over the enforcement of statutes
governed by the Texas Code of Criminal Procedure, thereby making it a criminal law
matter.

 Although not part of the question upon which we granted review, we feel that it
would be helpful to address whether the attorney fees in a certified bill of costs are
effective if not orally pronounced or incorporated by reference into the judgment. 
Because attorney fees are more analogous to court costs than to fines, we hold that they
are effective under such facts.

 Court costs, as reflected in a certified bill of costs, need neither be orally
pronounced nor incorporated by reference in the judgment to be effective. See Weir v.
State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). This is because court costs do not
"alter the range of punishment to which the defendant is subject, or the number of years
assessed" and, thus, are not part of the sentence. Id. at 367. Instead, court costs are
compensatory in nature; that is, they are "a nonpunitive recoupment of the costs of
judicial resources expended in connection with the trial of the case." Id. at 366
(quotations omitted). (14) In contrast, fines generally must be orally pronounced in the
defendant's presence. Tex. Code Crim. Proc. Art. 42.03 § 1(a); Taylor v. State, 131
S.W.3d 497, 500 (Tex. Crim. App. 2004). Fines are punitive, and they are intended to be
part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of
the Texas Penal Code, which is entitled "Punishments." See Weir, 278 S.W.3d at 366.

 Like court costs and unlike fines, attorney fees are compensatory and non-punitive. 
They serve as reimbursement for the legal services provided by appointed counsel. And
the trial court does not impose attorney fees as part of a convicted defendant's
sentence--Texas Code of Criminal Procedure Article 26.05(g) applies whether or not the
defendant is convicted, and the directive to pay attorney fees does not change the range of
punishment assessed. Because attorney fees are akin to court costs, we apply the same
rules to attorney fees that we apply to court costs. Accordingly, attorney fees need not be
orally pronounced to be effective. See Weir, 278 S.W.3d at 367 (holding that the court
costs "did not have to be included in the oral pronouncement of sentence" to be
enforced). Further, attorney fees as set forth in a certified bill of costs are effective
whether or not incorporated by reference in the written judgment. (15) 

VI. CONCLUSION

 The court of appeals erred in holding that a claim of insufficient evidence to
support a requirement that the defendant reimburse the county for attorney fees, as
mandated by a clerk's bill of costs, did not present a criminal law matter. The court of
appeals should have addressed Appellant's claim. The judgment of the court of appeals is
reversed in part, and the case is remanded for consideration of Appellant's remaining
points of error in accordance with the rules set forth today. 

 Meyers, J.

Delivered: June 22, 2011

Publish

1. The order stated that Appellant "is without counsel and is too poor to employ counsel."
2. The indictment alleged that Appellant did "intentionally or knowingly cause bodily
injury to [the victim] by stabbing and cutting [the victim] with a knife, and the defendant did then
and there use or exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and
intended use was capable fo causing death and serious bodily injuring, during the commission of
said assault." It contained an enhancement paragraph for a prior conviction of delivery of a
controlled substance.
3. For this and subsequent fee expense claims, the trial judge signed below the language
"Approval and Ordered paid from the General Fund."
4. Applicant failed to successfully complete treatment through the Substance Abuse Felony
Treatment Program.
5. Appellant initially requested to be kept on probation, claiming that he would report,
make payments, and go to the required meetings. The State recommended "special needs Safe-P" as an inpatient. The trial judge allowed Appellant to decide between inpatient treatment with
continued probation or incarceration, and Appellant chose the latter.
6. Appellant's second and third issues were as follows: "Second, appellant asks whether, if
the bill of cost has any effect, there is sufficient evidence in the record to support an order for
appellant to pay court-appointed attorney's fees. [Third], appellant asks, in the alternative,
whether the bill of costs constitutes an order that appellant pay a specific sum in court-appointed
attorney's fees." Armstrong, 320 S.W.3d at 480.
7. He acknowledges that the means of collection is a civil matter. See Tex. Gov't Code §
501.014(e); Harrell v. State, 286 S.W.3d 315, 319 (Tex. 2008).
8. Appellant cites, e.g., Sections 103.001, 103.002, and 103.003(a) of the Texas Code of
Criminal Procedure.
9. Appellant maintains that the distinction between the bill of costs and a judicial order
does not affect the character of an insufficient evidence issue as a criminal law matter.
10. In Smith v. Flack, 728 S.W.2d 784, 788 (Tex. Crim. App. 1987), we held that the
constitution grants us the power to issue writs of mandamus when "criminal law is the subject of
the litigation," but we have since indicated that that assertion was not intended to be a definitive
statement of the meaning of criminal law matters. See, e.g., Langford, 847 S.W.2d at 585.
11. "Our decision holds that a trial court has not lost jurisdiction over a criminal law matter
until all of the issues . . . attendant to that criminal law matter are resolved." Curry, 853 S.W.2d
at 45 n.3.
12. Article 103.001 states that "[a] cost is not payable by the person charged with the cost
until a written bill is produced or is ready to be produced, containing the items of cost, signed by
the officer who charged the cost or the officer who is entitled to receive payment of the cost."
13. When addressing Appellant's sufficiency argument on remand, the court of appeals
should consider Texas Code of Criminal Procedure Article 26.04(p) and our decision in Mayer v.
State, 309 S.W.3d 552 (Tex. Crim. App. 2010).
14. We noted that the fact that only convicted defendants need pay court costs "does not by
itself indicate that these costs were intended . . . to be punitive and part of the sentence."
15. The court of appeals correctly noted that "an effective bill of costs is not the functional
equivalent of a correct bill of costs." Armstrong, 320 S.W.3d at 484.