NO. 07-09-00091-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
17, 2011

 



 

ALTON ARMSTRONG, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Alton Armstrong, originally appealed the trial court’s assessment of court costs
against him on a number of grounds.  We
initially sustained the assessment of court costs against appellant.  See Armstrong v. State, 320
S.W.3d 479, 481 (Tex.App.—Amarillo 2011). 
Further, we declined to address appellant’s issue regarding the
sufficiency of the evidence to support the trial court’s assessment of attorney’s
fees as part of court costs.  Id.
at 481-82.  The Texas Court of Criminal
Appeals reversed our decision not to consider the evidentiary sufficiency to
support the order regarding attorney’s fees. 
See Armstrong v. State, 340 S.W.3d 759, 2011 Tex. Crim.
App. LEXIS 873, at *19 (Tex.Crim.App. 2011). 
This matter was remanded to this Court from the Texas Court of Criminal
Appeals to consider the trial court’s assessment of attorney’s fees against
appellant.  Id.  

Analysis

            Appellant
contends that there is insufficient evidence to support the order for him to
repay the cost of his court-appointed attorney. 
The Texas Code of Criminal Procedure provides, pursuant to article
26.05(g),[1]
that:

If the court determines that a defendant has financial resources that
enable him to offset in part or in whole the costs of the legal services
provided, including any expenses and costs, the court shall order the defendant
to pay during the pendency of the charges or, if convicted, as court costs the
amount that it finds the defendant is able to pay.

            The record reflects that appellant
has made a number of appearances before the trial court, both on the original
offense and the subsequent adjudication proceedings.  At each stage of the proceeding, appellant
has been found to be indigent and an attorney has been appointed to represent
him.  Further, after adjudication of the
primary offense, appellant was appointed counsel for appeal and a record was
provided at no cost to him.  However,
regarding any change in his ability to pay for legal services provided, the
record is totally devoid of any evidence. 
As we read the record, appellant was indigent when initially charged and
remained that way through this appeal.  See  art. 26.04(p); Mayer v. State, 309
S.W.3d 552, 557 (Tex.Crim.App. 2010).  In
light of such a record, it is apparent that the evidence does not support the
ordering of repayment of attorney’s fees. 
See id. 
Accordingly, we sustain appellant’s issue regarding the sufficiency of
the evidence to support the order requiring appellant to repay the county for
the costs of appointed counsel.[2]

Conclusion

            The
judgment of the trial court is modified to delete the requirement that
appellant repay the costs of his court-appointed attorney, assessed at
$1,900.00 as reflected in the Potter County District Clerk’s bill of cost, and
affirmed as modified.

 

 

                                                                                                            Mackey
K. Hancock

                                                                                                                        Justice

Do
not publish.  

 











[1] Further reference to the Texas Code of Criminal
Procedure will be by reference to “art. ____.”





[2] Having sustained appellant’s original second issue,
we need not address appellant’s third issue.