NO. 07-09-00091-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
AUGUST 17, 2011
--------------------------------------------------------------------------------

 
 ALTON ARMSTRONG, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
 
 NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 Appellant, Alton Armstrong, originally appealed the trial court's assessment of court costs against him on a number of grounds. We initially sustained the assessment of court costs against appellant. See Armstrong v. State, 320 S.W.3d 479, 481 (Tex.App. -- Amarillo 2011). Further, we declined to address appellant's issue regarding the sufficiency of the evidence to support the trial court's assessment of attorney's fees as part of court costs. Id. at 481-82. The Texas Court of Criminal Appeals reversed our decision not to consider the evidentiary sufficiency to support the order regarding attorney's fees. See Armstrong v. State, 340 S.W.3d 759, 2011 Tex. Crim. App. LEXIS 873, at *19 (Tex.Crim.App. 2011). This matter was remanded to this Court from the Texas Court of Criminal Appeals to consider the trial court's assessment of attorney's fees against appellant. Id. 
 Analysis
 Appellant contends that there is insufficient evidence to support the order for him to repay the cost of his court-appointed attorney. The Texas Code of Criminal Procedure provides, pursuant to article 26.05(g), that:
If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.
 The record reflects that appellant has made a number of appearances before the trial court, both on the original offense and the subsequent adjudication proceedings. At each stage of the proceeding, appellant has been found to be indigent and an attorney has been appointed to represent him. Further, after adjudication of the primary offense, appellant was appointed counsel for appeal and a record was provided at no cost to him. However, regarding any change in his ability to pay for legal services provided, the record is totally devoid of any evidence. As we read the record, appellant was indigent when initially charged and remained that way through this appeal. See art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010). In light of such a record, it is apparent that the evidence does not support the ordering of repayment of attorney's fees. See id. Accordingly, we sustain appellant's issue regarding the sufficiency of the evidence to support the order requiring appellant to repay the county for the costs of appointed counsel.
 Conclusion
 The judgment of the trial court is modified to delete the requirement that appellant repay the costs of his court-appointed attorney, assessed at $1,900.00 as reflected in the Potter County District Clerk's bill of cost, and affirmed as modified.

 Mackey K. Hancock
 Justice
Do not publish.