

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00364-CR

---

CHARLES BLACKSHIRE A/K/A                APPELLANT
CHARLIE BLACKSHIRE

V.

THE STATE OF TEXAS                      STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Charles Blackshire a/k/a Charlie Blackshire appeals the trial court's judgment ordering him to pay $1,592 in reparations and $309 in court costs following the revocation of his deferred adjudication community supervision. In two points, Blackshire argues that there is insufficient evidence to

---

[1]*See* Tex. R. App. P. 47.4.

support these costs, and that these costs should be modified to $960 in reparations and $284 in court costs. We will modify the judgment and affirm the judgment as modified.

## II. BACKGROUND

The trial court placed Blackshire on three years' deferred adjudication community supervision on June 11, 2012, upon his plea of guilty to unlawful possession of a firearm by a felon. In the conditions of his community supervision, Blackshire agreed to pay $284 in court costs, a $60 supervision fee "each month during the period of supervision," and $900 in attorney fees. The conditions stated that his first payment for the $60 supervision fee was due "on the 15th day of July, 2012, and like payments on the 15th of each month thereafter until full payments are made." On July 20, 2012, the State petitioned the trial court to adjudicate Blackshire guilty of the underlying offense. He pleaded true to illegally using controlled substances and failing to appear in court, and not true to failing to find suitable employment.

After an August 3, 2012 hearing, the trial court found Blackshire guilty of unlawful possession of a firearm and sentenced him to six years' confinement. On the "Revocation Restitution/Reparation Balance Sheet," the trial court ordered Blackshire to pay an additional $25 in court costs, totaling $309 in court costs; $120 in probation fees; $72 "Due to CSCD" fee; and an additional $500 in attorney fees combined with the $900 in attorney fees listed as a condition of his

2

community supervision.  The record does not contain a bill of costs.  *See* Tex. Code Crim. Proc. Ann. art. 103.001, .006 (West 2006).  This appeal followed.

## III. DISCUSSION

The obligation of a convicted person to pay court costs and reparations is established by statute.  *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (West Supp. 2012); *see also Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd in part by* 340 S.W.3d 759 (Tex. Crim. App. 2011).  A claim of insufficient evidence to support court costs is reviewable on direct appeal in a criminal case.  *See Armstrong*, 340 S.W.3d at 767.

### A.    Attorney Fees

In a portion of his first point, Blackshire claims there is no evidence to support the additional $500 in attorney fees included in the trial court's judgment, and the State concedes this point.  The conditions of community supervision list $900 in attorney fees, but there is no evidence in the record to show that the trial court found Blackshire as having the ability to pay costs after having found him previously indigent.  *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (reasoning that appellate court is not required to remand case to trial court before determining that evidence of defendant's financial resources and ability to pay was insufficient to support court-ordered repayment of attorney fees).  Therefore, we will sustain this portion of Blackshire's first point, and we will modify the judgment to reflect $900 in attorney fees only.

## B. Probation Fees

In another part of his first point regarding the $120 probation fee, Blackshire contends that because the community supervision agreement required him to make his first payment on July 15, 2012, "and like payments on the 15th day of each month thereafter," and because he was adjudicated guilty on August 3, 2012, he only owes $60 in probation fees. In response, the State asserts that the agreement requires Blackshire to pay $120 in probation fees because it states that he must pay $60 for "each month during the period of supervision," which included June and July. The plain language of the conditions of his community supervision states that he was to pay the probation fee by August 15, 2012. Because Blackshire's community supervision was revoked before August 15, 2012, we will modify the judgment to reflect $60 in probation fees.

## C. CSCD Fee

In the remainder of Blackshire's first point, he argues that there is no evidence showing what the $72 "Due to CSCD" fee represents and therefore we should modify it. We disagree. The record reflects that as a condition of his community supervision, Blackshire was obligated to submit to "testing . . . and *pay for testing* as required." [Emphasis added.] The record also reflects that Blackshire was tested for three different controlled substances, and he failed each test. Thus, there is evidence in the record documenting why the trial court assessed this $72 fee. We overrule this portion of Blackshire's first point. *See*

4

*Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth April 19, 2012, no pet.) (mem. op., not designated for publication) (holding evidence was insufficient to support an $89 reparation "Due to CSCD" because appellate record contained no documentation allowing reviewing court to determine what the figure represented).

### D.    Court Costs

In his second point, Blackshire argues that there is nothing in the record to support the $25 increase in court costs, and the State concedes this point.  We sustain Blackshire's second point and we will modify the judgment to reflect court costs of $284.  *See Boyd*, 2012 WL 1345751 at *2; *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet granted)*.*

### IV.  CONCLUSION

We modify the judgment adjudicating Blackshire's guilt to reflect $284 in court costs on page 1 of the judgment and the reparations amount to reflect $1,032 (which includes the appointed attorney fees in the amount of $900) on page 2 of the judgment, and we affirm the judgment as modified.

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 29, 2013

5