NO. 07-10-0064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2011

_____


LISA BETTY LOMBRANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE  47TH DISTRICT COURT OF  POTTER COUNTY;

NO. 58-940-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lisa Betty Lombrana, pled guilty in open court to possession of heroin in an amount of four grams or more but less than two hundred grams with intent to deliver in a drug-free zone[1] and was sentenced by a jury to fifteen years confinement and a $15,000 fine.  In two issues, Appellant asserts (1) the trial court erred by failing to instruct the jury that they could recommend community supervision and still impose a fine while incorrectly instructing

_____

[1]*See* Tex. Health & Safety Code Ann. 481.112(d), 481.134(c)(1) (West 2010).

the jury that, if Appellant's confinement was suspended, any fine would automatically be suspended as well, and (2) the district clerk's bill of costs is void because it charges Appellant with repayment of court costs and court-appointed attorney's fees when the trial court's judgment does not specifically require Appellant to pay any court costs or attorney's fees. We modify the trial court's judgment to clarify that payment of $2,565.60 in court-appointed attorney's fees is not a part of the court costs ordered in this case and affirm the judgment as modified.

## Background

In March 2009, an indictment was returned alleging that, on or about December 5, 2008, Appellant knowingly possessed, with intent to deliver, a controlled substance, namely: heroin, in an amount of four grams or more but less than two hundred grams by aggregate weight, including any adulterants and dilutants. A second paragraph alleged Appellant committed the offense within 1,000 feet of a drug-free zone, to-wit: Whittier Elementary School.

In February 2010, Appellant pled guilty in open court to the allegations in the indictment. The maximum sentence Appellant could receive was life or any term not more than 99 years or less than 10 years and a fine not to exceed $20,000.[2] Appellant chose to have her punishment assessed by a jury and sought community supervision.

---

[2]Because Appellant pled guilty to committing a first degree felony; *see* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010), in a drug free zone; *see* Tex. Health & Safety Code Ann. 481.134(c)(1) (West 2010), the maximum penalty for a first degree felony, i.e., imprisonment for life or for any term not more than 99 years or less than 5 years and a fine not to exceed $10,000; *see* Tex. Penal Code Ann. § 12.32(a), (b) (West 2011), was increased by five years and the maximum fine was doubled. *See* Tex. Health & Safety Code Ann. § 481.134(c)(1) (West 2010).

The trial court subsequently held a punishment trial before a jury. Bill Redden, a narcotics officer for the Amarillo Police Department, testified that, on December 5, 2008, he executed a search warrant at Appellant's residence. After being read her *Miranda* rights, Appellant told Officer Redden that she had been selling heroin for a couple of months and any heroin in the house belonged to her. In various containers in several locations, the officers found 4.08 grams of heroin in the residence. Officer Redden also testified Appellant's residence was within 1,000 feet of Whittier Elementary School--a drug free zone. Thereafter, the State rested.

In addition to Appellant, Brandon Ester, assigned to the court unit of the Community Supervision and Corrections Department, testified and explained how probation works, what conditions might be placed on probationers, and the consequences of failing to follow the applicable conditions.

At the jury charge conference, Appellant's counsel affirmatively stated he had no objection to the trial court's proposed charge. Paragraph five of the trial court's charge to the jury reads as follows:

> The defendant has filed her sworn motion for probation herein, alleging that she has never before been convicted of a felony in this State or any other State.
>
> Now if you believe from the evidence that the defendant has never before been convicted of a felony in this State or any other State, and if you assess the punishment of the defendant at confinement in the Texas Department of Criminal Justice, Institutional Division for a period of 10 years or less, then you may recommend such community supervision for the defendant. If you recommend community supervision, you may also assess a fine in addition to confinement in the Texas Department of Criminal Justice, Institutional Division. Whether you do or do not recommend community supervision for the defendant is a matter that rests within the sound discretion of the jury.

In its oral pronouncement regarding paragraph five, the trial court stated: "If you recommend community supervision, you may also assess a fine in addition to confinement in the [TDCJ], *which would be suspended*." (Emphasis added).

Paragraphs five and six of the *Punishment Verdict Forms* attached to the court's charge read as follows:

> No. 5   We, the jury, having found the defendant guilty of the offense of Possession of a Controlled Substance with the Intent to Deliver, in a Drug Free Zone, assess her punishment at confinement in the Texas Department of Criminal Justice, for _____ years, and assess a fine of $_____ in addition to such imprisonment, and we further find that the defendant has never before been convicted of a felony in this or any other state, and we recommend to the Court that the imposition of the sentence against the defendant as to imprisonment and fine be suspended and that the defendant be placed on community supervision as provided by the Community Supervision law of the State of Texas.
>
> No. 6   We, the jury, having found the defendant guilty of the offense of Possession of a Controlled Substance with the Intent to Deliver, in a Drug Free Zone, assess her punishment at confinement in the Texas Department of Criminal Justice, for _____ years, and we further find that the defendant has never before been convicted of a felony in this or any other state, and we recommend to the Court that the imposition of the sentence against the defendant as to imprisonment be suspended and that the defendant be placed on community supervision as provided by the Community Supervision law of the State of Texas, and assess a fine of $_____ in addition to such imprisonment.

During closing arguments, Appellant's counsel argued, in pertinent part, as follows:

> Now you also have the ability to sentence her of a potential fine up to $20,000, and I'm not telling you not to assess some kind of fine here.  But if you choose to allow her to have the opportunity to survive on probation, assessing a fine might not be in her best interest, nor yours unless you just want to see her go to jail later on.  You assess a $20,000 fine, plus all the other conditions of probation, I doubt she could make it.  Because based on her language here today, I don't think she is college-educated.  I don't think she makes 60,000 a year.

The trial court's *Judgment of Conviction By Jury* subsequently sentenced Appellant to confinement for fifteen years and a fine of $15,000. The *Judgment* failed to specify the amount of court costs owed by Appellant. On the second page, however, the *Judgment* stated that "[t]he Court ORDERS Defendant to pay all fines, court costs, and restitution *as indicated above*." (Emphasis added). The District Court Clerk's *Bill of Costs* attached to the *Judgment* assessed a $15,000 fine, a variety of fees and costs totaling $315 and $2,565.60 in court-appointed attorney's fees. This appeal followed.

## Discussion

Appellant asserts the trial court erred because the jury charge failed to inform the jury that it could both recommend suspension of imprisonment and still impose a fine, and the trial court's oral recitation of paragraph five of the charge added additional language which left the impression with the jury that, if the jury recommended community supervision, any fine assessed would automatically be probated or suspended. As a result, Appellant maintains she was denied community supervision because the jury believed they could not recommend community supervision and also impose a fine. She also asserts the *Bill of Costs* is void because the trial court's judgment does not order Appellant to pay either court costs or court-appointed attorney's fees.

### Jury Charge and Instructions

In analyzing any error in the jury charge or the trial court's instructions, we first determine if error occurred; *Barrios v. State,* 283 S.W.3d 348, 350 (Tex.Crim.App. 2009), and, if so, we then conduct a harm analysis. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex.Crim.App. 2005).

We disagree with Appellant that the jury charge failed to inform jurors that they could recommend community supervision and impose a fine. Paragraph five of the charge expressly states "[i]f you recommend community supervision, you may also assess a fine . . . ." Further, paragraphs five and six of the *Punishment Verdict Forms* attached to the instructions provide the jury with the options of suspending both Appellant's confinement and fine, if any were assessed, or suspending only Appellant's confinement while still assessing a fine. Thus, the charge and attached verdict forms expressly gave the jury the choice of recommending community supervision and imposing a fine.

We also disagree with Appellant that the trial court's additional instructions in its oral recitation of paragraph five of the jury charge represented error. The trial court stated that, if the jury recommends community supervision, it may also assess a fine in addition to confinement in TDCJ *"which would be suspended."* Contrary to Appellant's assertion, the phrase "which would be suspended" plainly modifies the previous phrase "confinement in TDCJ" and not the fine, if any, assessed, i.e., the jury may recommend community supervision, assess a fine and confinement in TDCJ would be suspended. Thus, the trial court's oral rendition of paragraph five also advised the jury that they could recommend community supervision and assess a fine. Issue one is overruled.

**Court Costs and Attorney's Fees**

Appellant asserts that, because the trial court omitted a specific amount of court costs in its *Judgment,* the trial court did not charge Appellant any court costs and the *Bill of Costs* is void as a matter of law. In support, Appellant maintains that, in order for the *Bill of Costs* to be

6

valid, the trial court was required to orally pronounce the costs included, or incorporate them, into its written judgment.

Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009) (holding that because legislatively mandated court costs are not punitive, they did not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment); *Williams v. State,* 332 S.W.3d 694, 700 (Tex.App.-- Amarillo 2011, pet. denied) (holding that legislatively mandated court costs did not have to be specified in the oral pronouncement of sentence or the written judgment as a precondition to their inclusion in the clerk's bill of costs). Therefore, regarding those charges in the *Bill of Costs* exclusive of court-appointed attorney's fees, we find that inclusion of the fine, fees and expenses totaling $15,315 was proper. *See Armstrong v. State*, 320 S.W.3d 479, 481-82 (Tex.App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759, 767 (Tex. 2011).[3]

Although Appellant did not raise the issue of whether there is sufficient evidence in the record to support inclusion of court-appointed attorney's fees as a cost,[4] we note that the record must reflect some factual basis to support the determination that the defendant is capable of paying court-appointed attorney's fees. *Armstrong*, 340 S.W.3d at 765-67. *See*

---

[3]We note that *Armstrong,* 320 S.W.3d 479, had not been finally decided in this Court or the Court of Criminal Appeals when Appellant filed her brief. When Appellant's brief was filed here, there was a motion for rehearing pending in the original *Armstrong* appeal before this Court.

[4]Courts of appeals may review unassigned error in criminal cases, particularly where the record discloses error that should be addressed in the interest of justice. *Hammock v. State*, 211 S.W.3d 874, 878 (Tex.App.— Texarkana 2006, no pet.). Where, as here, the error appears on the face of the judgment and does not involve the merits of any criminal trial, but instead solely addresses the clerical correctness of the judgment, we find that the interest of justice allows that we address the issue. *Perez v. State*, 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd).

*Perez v. State*, 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.).

The *Bill of Costs* reflects an assessment of court-appointed attorney's fees totaling $2,565.60 as court costs. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). Here, the record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation before any legal proceeding in December 2008, and after the punishment trial in February 2010. Unless a material change in his or her financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that immediately following rendition of judgment Appellant was indigent and qualified for court-appointed counsel, we presume her financial status has not changed.

The record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that would enable her to pay all, or any part of, the fees paid her court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude the *Bill of Costs* and/or order to pay attorney's fees was improper. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. *See also Anderson v. State*, No. 03-09-

00630-CR, 2010 Tex. App. LEXIS, at *9 (Tex.App.—Austin, July 1, 2010, no pet.) (modifying judgment to delete court-appointed attorney's fees).  Accordingly, we modify the judgment to delete the order obligating Appellant to pay court-appointed attorney's fees.

## Conclusion

Having modified the trial court's judgment to delete the order obligating Appellant to pay $2,565.60 in court-appointed attorney's fees, the judgment, as modified, is affirmed.


Patrick A. Pirtle
Justice


Do not publish.