**AFFIRM; and Opinion Filed October 16, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-12-00707-CR
_____

### JOHN DAVID SHOCKLEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F11-51734-T

_____

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Richter[1]
Opinion by Justice Richter

A jury convicted John David Shockley of aggravated robbery, and the trial court assessed punishment, enhanced by prior felony convictions, at thirty-five years in prison and ordered appellant to pay $264 in court costs. The judgment includes a deadly weapon finding (a firearm). In two points of error, appellant complains he received ineffective assistance of counsel and the evidence is insufficient to support the trial court's assessment of court costs. We affirm the trial court's judgment. The background and facts of this case are well-known to the

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

parties; so we do not recite them here in detail. We issue this memorandum opinion because the law to be applied in the case is well settled. TEX. R. APP. P. 47.4.

## Ineffective Assistance of Counsel

Appellant contends in his first point of error that he was denied the effective assistance of counsel. He specifically challenges trial counsel's decision not to have him testify during the guilt-innocence phase of trial. Appellant does not deny he committed the robbery. But he claims he used a toy gun in the commission of the robbery and therefore, the only issue at trial was whether he used a deadly weapon. He argues that although the victim conceded on cross-examination that the gun appellant displayed during the robbery might have been a fake, his trial counsel should have "understood that he needed to present affirmative evidence showing that the gun used by Appellant was nothing more than a toy." He contends the decision for him not to testify deprived him of his only defense and showed that counsel "was not prepared and did not understand the law applicable to the kind of evidence deemed sufficient to prove that the gun used by an accused during the commission of an offense constituted a deadly weapon."

To prevail on an ineffective assistance claim, appellant must prove by a preponderance of the evidence that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland*, 466 U.S. at 697; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In determining whether appellant met his burden, we judge counsel's performance not by isolating one portion of counsel's representation, but by considering the totality of the representation and the particular

circumstances of the case. *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Our review is highly deferential, and we presume counsel's conduct fell within the wide range of reasonable professional assistance and counsel's actions were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689–90; *Ex parte Lane*, 303 S.W.3d at 707.

Ineffective assistance of counsel claims "must 'be firmly founded in the record,'" with the record itself affirmatively demonstrating the alleged deficient performance. *Bone v. State*, 77 S.W.3d 828, 834 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813–14). For that reason, direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant argues this case is one of those cases in which trial counsel's ineffectiveness is apparent from the face of the record such that the issue can be resolved on direct appeal. He points to his testimony in the punishment phase of trial during which his trial counsel asked him questions about their trial strategy and the decision for him not to testify:

> Q. Now, with regard to the cases in which you've been charged, you have never denied your involvement in those cases; is that right?
>
> A. No, sir.
>
> Q. The only dispute that you have ever had is with the fact that it was a plastic or toy gun that was used; is that right?
>
> A. Yes, sir.
>
> Q. And you have written numerous letters to various people trying to get them to understand that it was a toy or fake gun; is that right?
>
> A. For the past 16 months I have written to the Judge admitting to the exact nature of my wrongs and been willing to take a lie detector to prove that I carried a toy gun in the commission of the robberies.

Q. In fact our plan in trial was for you to take the stand and to say just that; is that right?

A. Yes, sir.

Q. But when the State's case became as weak as it was, then it appeared that even the better strategy was for you not to testify at all; is that correct?

A. That's correct.

Q. Based on what we perceived to be a very clear situation of the State not having proven that it was a real gun; is that right?

A. Yes, sir.

Appellant maintains that without his testimony, the only evidence before the jury on the weapon used was the victim's testimony that the weapon looked like a semi-automatic handgun and that the victim thought it was real. Appellant claims his testimony on the issue was the "only chance" he had of being found guilty of the lesser included offense of robbery.

The State agrees the record is adequate for this Court to resolve appellant's ineffective assistance of counsel claim on direct appeal because appellant's counsel explained his actions on the record. The State contends, however, that appellant's claim should be rejected because he did not meet his burden to show deficient performance or sufficient prejudice.

We disagree that the record before us adequately reflects counsel's strategy or reasoning related to the decision for appellant not to testify at trial. The above exchange reveals that the "plan" was for appellant to testify and the plan changed when they thought the State's case had become weak. But the record is silent regarding counsel's considerations for why the decision for appellant not to testify was the "better strategy." Nor is there anything in the record where counsel explains the motives behind his actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Where the record is silent regarding counsel's trial strategy or tactics, we will not speculate as to the basis of counsel's decision. *Id.* at 111. A basic corollary from the

- 4 -

proposition that a silent record will not overcome the strong presumption of counsel's reasonable assistance is that counsel should be given an opportunity to explain any actions or inactions before being adjudged incompetent. *See id.* That has not occurred here, and appellant has not shown that this case is one of those extraordinary situations in which the face of the record shows counsel's challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We therefore conclude appellant failed to demonstrate under the first *Strickland* prong that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687–88. We resolve appellant's first point of error against him.

### Court Costs

In his second point of error, appellant requests we reform the trial court's judgment to delete the requirement that he pay $264 in court costs because the clerk's record does not contain a cost bill. He argues that without a written bill of costs, the evidence is insufficient to support the trial court's order.

Court costs are legislatively-mandated obligations resulting from a conviction. *See* TEX. GOV'T CODE ANN. §§ 102.021, 102.041 (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005 (West 2006); *Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759 (Tex. Crim. App. 2011); *cf.* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006) (stating trial court's judgment "shall also adjudge the costs against the defendant, and order the collection thereof"). Court costs are compensatory in nature; that is, "they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Armstrong*, 340 S.W.3d at 767 (quoting *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs. In light of this and appellant's specific complaint on appeal, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Texarkana 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006."). Because the record now contains a bill of costs supporting the assessment of costs in the trial court's judgment, appellant's complaint that the evidence is insufficient to support the imposition of the costs is moot. *See Franklin*, 402 S.W.3d at 895; *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.). We resolve appellant's second point of error against him.

Based on our resolution of appellant's points of error, we affirm the trial court's judgment.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

120707F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN DAVID SHOCKLEY, Appellant

No. 05-12-00707-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-51734-T.
Opinion delivered by Justice Richter.
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October, 2013.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED