

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00479-CR

RAYMOND MCKINNEY                                             APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellant Raymond McKinney appeals the amount of court costs and fees assessed against him after the trial court revoked his community supervision. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

On August 26, 2011, McKinney pleaded guilty to forgery by possession of a check with intent to pass in exchange for two years' state jail, probated for three years, and a $300 fine. The $300 fine was not suspended. McKinney was also ordered to pay $350 in attorney's fees and $284 in court costs. Among his community supervision conditions, McKinney was required to report monthly to his community supervision officer, pay a $25 crime stoppers fee, and pay a $60 supervision fee each month.

On February 22, 2012, the State filed a petition to revoke McKinney's community supervision. The State's second amended petition alleged, among other things, that McKinney intentionally gave a false or fictitious name or date of birth to a police officer, that he had failed to report to his probation officer for eight months, and that he had failed to pay the $60 supervision fee for nine months. After McKinney pleaded not true to the allegations, the trial court found the allegations to be true, revoked McKinney's community supervision, sentenced him to two years' confinement, and ordered him to pay $309 in court costs and $941 in reparations.[2] This appeal followed.

---

[2]Although the reparations total is $941, McKinney does not challenge the inclusion of $196 in unpaid fines.

### III.  Discussion

In his first issue, McKinney argues that neither the evidence nor the State's petition supports the $745 of unpaid probation fees[3] he was ordered to pay as part of the $941 in reparations.  In his second issue, McKinney argues that we should modify the trial court's judgment to delete the $309 charge for court costs because the record does not contain a certified bill of costs.  As an alternative to his second issue, McKinney argues that we should reform the judgment to reflect the $284 in court costs assessed by the original judgment instead of the $309 in court costs assessed upon revocation because nothing in the record supports the increased amount.

### A.  Supervision Fees

In his first issue, McKinney argues that he should only be required to pay $540 in unpaid supervision fees because the State pleaded and proved only nine months of missed fee payments.  McKinney cites our decision in *Boyd v. State*, but that case does not support his argument.  No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication).

In *Boyd*, the trial court revoked the appellant's community supervision, which had lasted nineteen months, and ordered him to pay $1,140 of probation

---

[3]The $745 in probation fees consisted of $720 in unpaid supervision fees and a $25 "Crime Stoppers" fee.  McKinney challenges only the amount of unpaid supervision fees, not the "Crime Stoppers" fee.

fees as reparations. *Id.* at *1. On appeal, the appellant argued that the probation fees included in the reparations were improper because nothing in the record supported the amount. *Id.* We explained that the original conditions of the appellant's probation, which were included in the record, required him to pay a supervision fee of $60 each month during the period of his supervision. *Id.* at *2. Accordingly, because the probation conditions were part of the record, we concluded that the evidence was sufficient to support the probation fees included as part of the total amount of reparations.[4] *Id.*

Here, as in *Boyd*, the original conditions of McKinney's community supervision are included in the record. The trial court had ordered McKinney to pay a supervision fee of $60 each month during the period of his supervision. McKinney's community supervision lasted from August 2011 to September 2012, a period of thirteen months. Officer Rodney Knotts, a probation officer for Tarrant County, testified that McKinney only paid the supervision fee once in October 2011. Accordingly, we can determine from the record that twelve missed payments of $60 per month results in $720 of unpaid supervision fees. *See id.*; *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (affirming the portion of reparations that was neither fine nor

---

[4]The appellant in *Boyd* was on community supervision for nineteen months, paying $60 a month in supervision fees for a total of $1,140 that remained unpaid at the time of revocation. 2012 WL 1345751, at *2.

restitution based on trial court's itemized list of reparations that was included in clerk's record).

Additionally, we disagree with McKinney's contention that, because the State's petition alleged only nine months of missed payments instead of twelve, the amount should be capped at $540. The allegations in the State's petition, which must be proved by a preponderance of the evidence, *see Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006), are relevant in determining whether McKinney's community supervision should be revoked; however, they do not form the basis of the trial court's imposition of reparations upon revocation. The code of criminal procedure provides that in all revocations of suspended sentences, the trial court "shall enter the restitution or reparation due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. art. 42.03 § 2(b) (West 2006 & Supp. 2013). Notwithstanding the number of missed payments alleged in the State's petition, the trial court was required to order the payment of all reparations due and owing after McKinney's community supervision was revoked. *See id.*; *Strother v. State*, No. 14-12-00599-CR, 2013 WL 4511360, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication). ("The State's omission of an allegation about [appellant's probation fee] arrearage in its petition is no evidence that she was not in arrears, just as the inclusion of other allegations is no evidence of the truth of those allegations."). Having determined that the record

5

supports the $720 portion of reparations attributable to unpaid supervision fees, we overrule McKinney's first issue.

## B. Court Costs

In the first part of his second issue, McKinney argues that he should not be required to pay the $309 in court costs assessed upon revocation because the record does not contain a certified bill of costs.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See, e.g.,* Tex. Gov't Code Ann. §§ 102.001–.142 (West 2013) (setting forth various costs that a convicted person "shall" pay); *see also Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759 (Tex. Crim. App. 2011). The court of criminal appeals has explained that "court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The code of criminal procedure provides that the trial court's judgment "shall also adjudge the costs against the defendant, and order the collection thereof." Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006).

Under article 103.001 of the code of criminal procedure, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001 (West 2006). Article 103.006 provides that if a criminal action is

appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006. A claim of insufficient evidence to support court costs in a criminal case is reviewable on direct appeal. *See Armstrong*, 340 S.W.3d at 767.

In *Johnson v. State*, the court of criminal appeals provided a roadmap for analyzing disputes concerning costs when a bill of costs has not been filed or what was purported to be a bill of costs does not meet the statutory requirements of article 103.001. No. PD-0193-13, 2014 WL 714736, at *1 (Tex. Crim. App. Feb. 26, 2014). In the court of appeals, the appellant argued that the record was insufficient to support the court costs listed in the judgment because no bill of costs was included, and the court ordered the district clerk to supplement the record with a bill of costs *Johnson v. State*, 389 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2012), *aff'd as modified*, 2014 WL 714736, at *1. After the clerk's office filed what appeared to be a bill of costs, the court concluded that the document was not a bill of costs because "there [was] no indication that this printout was ever brought to the attention of the trial judge." *Id.* at 515 n.1. Accordingly, the court held that nothing in the record supported the amount of court costs assessed, and it reformed the judgment to delete the specific amount of costs. *Id.* at 517.

In addressing *Johnson* on the State's petition for discretionary review, the court of criminal appeals described the purported bill of costs in the supplemental

clerk's record as a printout from a computer titled "J.I.M.S. COST BILL ASSESSMENT," comprised of three pages—the first two pages listed itemized court costs accrued in the appellant's case, and the third page contained the signature and seal of the district clerk certifying that the document was a true and original copy. 2014 WL 714736, at *5. The court held that because the document contained the items of cost, was signed by an officer entitled to receive payment for the cost, and was certified by an officer of the court, it was a bill of costs for the purposes of Chapter 103 of the Texas Code of Criminal Procedure dealing with the tracking and collecting of court costs. *Id.*

Here, the supplemental clerk's record contains a document that is nearly identical to the one described in *Johnson. See id.* at *5. It is a two-page printout titled "JIMSDETL.TXT Tarrant County District Clerk List of Fee Breakdowns for CDC1-1241723-00." The first page contains an itemized list providing a brief description of the fees and the amounts due. The second page contains the signature and seal of a deputy district clerk of Tarrant County and a certification that the document is a true copy. Accordingly, we conclude that the document contained in the supplemental clerk's record is a bill of costs under Chapter 103 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 103.001; *Johnson*, 2014 WL 714736, at *5. Therefore, we overrule this portion of McKinney's second issue.

In the second part of his second issue, McKinney argues that the record does not contain any evidence supporting the $25 increase in court costs from

8

$284 in the original judgment to $309 upon revocation.[5] The "JIMS" document found in the supplemental clerk's record, which we held above to be a bill of costs, includes an itemized fees list that details $309 in court costs charged against McKinney.[6] From this record we can also infer that the $25 increase in court costs is attributable to the "Time Payment" fee assessed upon revocation in accordance with local government code section 133.103(a), which provides that a person convicted of a felony, who does not pay court costs imposed within thirty days of the date the judgment is entered, should be charged a fee of $25. *See* Tex. Loc. Gov't Code Ann. § 133.103(a) (West Supp. 2013). Accordingly, the record supports the $25 increase in court costs assessed against McKinney upon revocation of his community supervision. *See Lawrence v. State*, 420

---

[5]The State correctly asserts that by failing to challenge the $284 in court costs ordered in the original judgment for community supervision, McKinney has forfeited the right to object to those costs upon revocation. *See Perez v. State*, No. PD-0498-13, 2014 WL 941571, at *5 (Tex. Crim. App. Mar. 12, 2014) (stating that appellant's failure to challenge court costs imposed during original community supervision order constituted a procedural default that forfeited his ability to challenge those costs when community supervision was revoked); *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (holding that defendant, whose community supervision had been revoked, forfeited his challenge to the court-appointed attorney's fees as court costs by failing to bring such a claim in a direct appeal from the order originally imposing community supervision).

[6]McKinney has not supplemented or amended his brief to challenge the correctness of any specific cost listed in the bill of costs. *See* Tex. R. App. P. 38.3, 38.7. We decline to individually review the costs when McKinney has chosen not to do so. *See Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.) (noting that court would not address legality of specific costs assessed after record was supplemented and appellant failed to file reply brief or to amend original brief challenging the correctness of any specific cost).

S.W.3d 329, 337 (Tex. App.—Fort Worth 2014, no pet. h.); *Houston*, 410 S.W.3d at 479.  Therefore, we overrule the remainder of McKinney's second issue.

## IV.  Conclusion

Having overruled both of McKinney's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY and GABRIEL, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment.)

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 17, 2014